NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST TEXAS PRODUCTS, LLC, and FIRST TEXAS PRODUCTS CORP., <br><br> Plaintiffs, <br><br> v. <br><br> DETEKNIX, INC., and MAO QUAN DENG, <br><br> Defendants. | CASE NO.: CV 16-6508-R <br><br> ORDER DENYING DEFENDANTS' MOTION TO DISMISS |

Before the Court is Defendants' Motion to Dismiss (Dkt. No. 25), which was filed on October 31, 2016. Having been thoroughly briefed by both parties, this Court took the matter under submission on November 28, 2016.

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper only when a complaint exhibits either a "(1) lack of a cognizable legal theory or (2) the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Under the heightened pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," so that the defendant receives "fair notice of what the…claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 570. The plaintiff must

plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678.  The court will not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. . . ." *Id.* However, the Court will accept as true all factual allegations raised in the complaint and construe them in the light most favorable to the plaintiff.

Plaintiff's Complaint alleges one cause of action for copyright infringement against both Defendants.  A claim for copyright infringement requires a showing of ownership of a valid copyright and copying of original elements of that copyright.  *Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1076 (9th Cir. 2006).  A plaintiff need not show direct evidence of copying; evidence of access to plaintiff's work and substantial similarity is sufficient.  *Id.* Defendant argues in its Motion to Dismiss that Plaintiff has failed to sufficiently allege facts indicating that Plaintiff copied original elements of its copyright.

Plaintiff produces a popular line of metal detectors.  The metal detectors require software which is developed by Plaintiff.  Plaintiff received a copyright on the software that operates its metal detector.  Having since updated portions of the software, Plaintiff applied for a copyright on the new portions of software as well.  That application is still pending.  The Complaint alleges that Deteknix, and its owner and managing agent, Deng, manufacture a competitive metal detector. The two metal detectors are similar.  They have a similar display, emit similar sounds, and offer a similar user-interface such that Plaintiff alleges its software was copied from one of Plaintiff's metal detectors.  Plaintiff does not license its software and takes affirmative actions to protect its software code.  Therefore, Plaintiff alleges that the only way Defendant could have copied its software code would be to 'break into' one of Plaintiff's metal detectors and access the code.

Defendant does not dispute that Plaintiff has sufficiently alleged ownership of a valid copyright.  Plaintiff attached the copyright to the Complaint.  Therefore, this Court finds that the first requirement is satisfied.

Defendant argues that Plaintiff has failed to adequately allege wrongful copying because it did not identify specific software code that Defendants infringed.  Defendant has not produced a single case which supports this contention.  In fact, courts have rejected the exact same argument

1  and held that "circumstantial evidence of copying" are sufficient to allege a cause of action for
2  copyright infringement.  *Autodesk, Inc. v. ZWACD Software Co., Ltd.*, 2015 WL 2265479, at *4
3  (N.D. Cal. 2015).  As Plaintiff notes, Defendant's lone citation in support of its argument that code
4  must be identified in a complaint, *Media.net Advertising FZ-LLC v. NetSeer, Inc.*, 156 F. Supp. 3d
5  1052 (N.D. Cal. 2016), is entirely distinguishable.  HTML code, as was at issue in *Media.net*, is
6  publicly available and easily accessible unlike software code which is often protected trade secret.
7  This fact favors a rejection of Defendant's argument on two grounds.  First, because software code
8  is more highly protected, plaintiffs would not be inclined to disclose it in a pleading.  Second,
9  given that software code is highly protected, it would be unreasonable to require plaintiffs to show
10 a side-by-side comparison of codes when they often times do not have access to the defendant's
11 software code.

12 Plaintiff's Complaint notes various similarities between the two metal detectors.  They
13 present a similar display screen.  The options available to the user are similar.   The sounds that
14 the detector makes are similar.  Additionally, Plaintiff's software engineers have examined the
15 similarities and are of the opinion that the software is responsible for these similarities.  Finally,
16 Plaintiff alleged that Defendant did not have a lawful means of accessing its copyrighted software
17 code.  This Court finds that Plaintiff has pled sufficient factual allegations to render its claim
18 plausible on its face.  Accordingly, Defendant's Motion to Dismiss the copyright infringement
19 claim against Deteknix, Inc. is denied.

20 Defendant also moves to dismiss the copyright infringement claim against Mao Quan
21 Deng.  Plaintiff alleges that Mr. Deng vicariously infringed Plaintiff's copyright as the owner and
22 managing agent of Deteknix.  In its Motion to Dismiss, Defendant argues that the Complaint fails
23 to allege sufficient facts to support a vicarious copyright infringement theory.

24 To state a claim for vicarious copyright infringement, a Complaint must allege that the
25 defendant "enjoys a direct financial benefit from another's infringing activity and 'has the right
26 and ability to supervise' the infringing activity."  *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th
27 Cir. 2004) (citations omitted).  High ranking executives and majority shareholders or owners may
28 be held vicariously liable for copyright infringement as a result of their financial benefit from the

infringing activity of their company.  *See Dongxiao Yue v. Chordiant Software, Inc.*, 2009 WL 4931679 at *7 (N.D. Cal. 2009).  The Complaint alleges that Mr. Deng is the president and managing agent of Detenix who has the authority to supervise the infringing activity.  Furthermore, the Complaint alleges that Mr. Deng financially profits from the sales of the allegedly infringing product.  These factual allegations coupled with Mr. Deng's high-level position within Deteknix are sufficient to satisfy the pleading requirements of *Iqbal* and *Twombly*.  Thus, Defendant's Motion to Dismiss the copyright infringement claim against Mr. Deng is denied.

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is DENIED.  (Dkt. No. 25).

Dated: December 5, 2016.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

4