1  **FAEGRE BAKER DANIELS LLP**
   BONITA D. MOORE (SBN 221479)
2  HOWARD D. RUDDELL (SBN 281510)
   1990 South Bundy Drive, Suite 620
3  Los Angeles, CA 90025
   Telephone: +1.310.500.2090
4  Facsimile: +1.310.500.2091
   bonita.moore@faegrebd.com
5  howard.ruddell@faegrebd.com

6  **FAEGRE BAKER DANIELS LLP**
   LOUIS T. PERRY (*pro hac vice*)
7  300 N. Meridian Street, Suite 2700
   Indianapolis, IN 46204
8  Telephone: +1.317.237.0300
   Facsimile: +1.317.237.1000
9  louis.perry@faegrebd.com

10 **FAEGRE BAKER DANIELS LLP**
   PETER M. ROUTHIER (*pro hac vice*)
11 2200 Wells Fargo Center
   90 S. Seventh Street
12 Minneapolis, MN 55402
   Telephone: +1.612.766.8770
13 Facsimile: +1.612.766.1600
   peter.routhier@faegrebd.com
14

15 Attorneys for Plaintiffs
   FIRST TEXAS PRODUCTS LLC,
16 FIRST TEXAS HOLDINGS CORPORATION

17

18                      UNITED STATES DISTRICT COURT

19                     CENTRAL DISTRICT OF CALIFORNIA

20

| 21 | FIRST TEXAS PRODUCTS, LLC, and FIRST TEXAS PRODUCTS CORPORATION, | Case No.: 2:16-cv-06508-R-GJS |
|---|---|---|
| 22 | | **JOINT REPORT OF EARLY MEETING** |
| 23 | Plaintiffs, | |
| 24 | vs. | **[FRCP RULE 26; CD-LR 26-1]** |
| 25 | DETEKNIX INC., and MAO QUAN DENG, | Complaint filed: August 30, 2016 |
| 26 | | |
| 27 | Defendants. | |

28

Pursuant to Federal Rule of Civil Procedure 26(f), Central District Local Rule 26-1, and this Court's November 23, 2016 Order, Plaintiffs First Texas Products LLC and First Texas Products Corporation (collectively, "Plaintiffs") and Defendants Deteknix Inc. and Mao Quan Deng (collectively, "Defendants"), through their respective counsel, hereby submit the following Joint Report of Early Meeting.

1. <u>Satisfaction of Meet and Confer</u>

The parties met and conferred on January 26, 2017. Louis T. Perry and Peter Routhier of Faegre Baker Daniels LLP represented Plaintiffs; Nathaniel Dang of Jeffer Mangels Butler & Mitchell LLP represented Defendants.

2. <u>Jurisdiction & Service</u>

This is an action for copyright infringement under the provisions of the federal Copyright Act, 17 U.S.C. § 501 *et seq*. This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and 1338(a). Venue is proper under 28 U.S.C. § 1391(b) and (c) and 1400(a) because Defendants are subject to personal jurisdiction in this District, reside in this District, and a substantial part of the events or omissions giving rise to this lawsuit allegedly occurred here. Plaintiff has properly served Defendants.

3. <u>Facts</u>

This is an action for copyright infringement in which First Texas alleges that Defendants copied software (the "T2 Software") from First Texas' line of Teknetics T2 metal detectors and that Defendants incorporated the same (or a substantially similar version of the same) into its own line of Quest metal detectors. First Texas alleges that it owns all copyright rights with respect to the T2 Software and attached U.S Copyright Registration No. TX-8-204-184 for the first version of the T2 Software to the Complaint. First Texas alleges that it owns copyright rights with

respect to all subsequent revisions, and that it has filed an application to register the same with the United States Copyright Office.

Defendants deny Plaintiffs' allegations and all liability, and have asserted several affirmative defenses, for reasons including, *inter alia*: (1) Plaintiffs' asserted copyright rights include matter that is not copyrightable, (2) there is no evidence of substantial similarity between copyrightable portions of Plaintiffs' work and Defendants' work, and (3) the alleged copying by Defendants, if any, is de minimis. Additionally Defendants have filed a counterclaim for a declaratory judgment of non-infringement, the allegations of which First Texas denies.

4. <u>Legal Issues</u>

First Texas has asserted claims copyright infringement. Defendants deny that they are liable under any of First Texas' theories. Defendants assert the defense of non-infringement as a counterclaim for declaratory judgment. First Texas denies that Defendants are entitled to a declaratory judgment.

Accordingly, the primary legal issues to be resolved are: (1) the source(s) of the alleged similarity between Plaintiffs' work and Defendants' work, (2) which, if any, allegedly similar features are protected by a valid and enforceable copyright, (3) whether the idea(s) embodied in Plaintiffs' work and its expression of such idea(s) are indistinguishable or "merged," in accordance with *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1444 (9th Cir. 1994), thereby limiting the scope of Plaintiffs' purported copyright rights, (4) whether the *scenes a faire* doctrine limits the scope of Plaintiffs' purported copyright rights, (5) whether Plaintiffs' work is the original work of its author(s) in whole or in part, (6) whether there is substantial similarity between copyrightable portions (if any) of Plaintiff's work and Defendants' work, (7) which, if any, of Defendants are subject to liability for the infringement alleged by Plaintiffs, (8) Plaintiffs' rights to injunctive relief and related remedies, including, *inter alia*, actual damages and attorneys' fees and the

impounding of any infringing copies, and (9) Defendants' rights to a declaration that Defendants have not infringed any of Plaintiffs' copyright rights and to an award of attorneys' fees and costs incurred in defending Plaintiffs' claims.

5. <u>Motions</u>

No motions are currently pending and none are anticipated in the imminent future. The parties anticipate, however, that as the case proceeds there will be pretrial motions at the appropriate time. In addition, the parties each anticipate filing a motion for summary judgment.

6. <u>Amendment of Pleadings</u>

No amendments to the pleadings are presently anticipated.

7. <u>Evidence Preservation</u>

The parties have discussed the preservation of Electronically Stored Information ("ESI").

Defendants shall preserve the relevant software and programming documents currently kept in electronic format and all ESI that may provide insight into its counterclaims.

First Texas agrees to preserve and produce all ESI that may provide insight into its claims, including, but not limited to, documents regarding the creation and development of the T2 Software and the source code for the T2 Software.

The parties also certify that they have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding the preservation of evidence relevant to the issues in this action. The parties are taking, and will continue to take, all reasonable steps to preserve evidence relevant to the issues in this lawsuit.

8. <u>Disclosures</u>

The parties have agreed to produce initial disclosures in this action on February 13, 2017. The parties will produce or make available for inspection relevant, non-privileged confidential documents after entry of an appropriate protective order safeguarding confidential information. The parties have agreed to negotiate the terms of a mutually agreeable protective order.

9. <u>Discovery</u>

Neither party has served discovery to date. First Texas anticipates serving discovery requests in March 2017. Defendants anticipate serving discovery requests in February 2017. The parties have agreed to meet and confer on the scope of discovery in this case. At this time, the parties do not request any changes in the discovery limitations set forth in the Federal Rules of Civil Procedure.

First Texas' discovery will focus on (1) Defendants' development and use of software substantially similar to the T2 Software in its products and the sales figures associated with such products and (2) any direct financial benefit defendant Mao Quan Deng realized from the allegedly infringing conduct and his role and whether Mr. Deng had the authority to stop or limit such allegedly infringing conduct..

Defendants' discovery will seek information and documents pertaining to, *inter alia*: (1) Plaintiffs' development and publishing of the allegedly copyrighted T2 software, (2) Plaintiffs' purported registration of copyright rights to the T2 software, (3) the source code for the T2 software, and (4) the source(s) of any alleged similarity between Plaintiffs' T2 software and Defendants' Quest Software.

10. <u>Class Actions</u>

Not applicable.

11. <u>Related Cases</u>

Not applicable.

12. <u>Relief</u>

First Texas seeks injunctive relief preventing Defendants from infringing the First Texas copyrights at issue in this case. First Texas seeks monetary damages, including costs and fees associated with this case. Defendants seek a declaration that Defendants have not infringed any of Plaintiffs' copyright rights, and an award of attorneys' fees and costs incurred in defending Plaintiffs' claims.

13. <u>Settlement and Mediation</u>

Based on currently available facts, the parties do not anticipate that an early settlement of this action can be achieved. Once substantial discovery has occurred, the parties will re-evaluate the prospects for settlement, including private mediation.

14. <u>Consent to Magistrate Judge For All Purposes</u>

*Whether <u>all</u> parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.* ____ YES __x__ NO

15. <u>Other References</u>

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

16. <u>Narrowing of Issues</u>

None at this time.

17. <u>Expedited Trial Procedure</u>

The parties do not believe that this action is appropriate for an expedited trial schedule.

18. <u>The Matter is Not Complex</u>

The parties agree that the matter is not complex such that any portion of the Manual for Complex Litigation should be utilized in managing the matter.

19. <u>Proposed Discovery, Motion, and Trial Schedule</u>

The parties jointly propose the following schedule:

| | |
|---|---|
| Deadline For Completion of Fact Discovery: | September 15, 2017 |
| Deadline For Expert Witness Reports: | November 1, 2018 |
| Deadline For Rebuttal Expert Witness Reports: | November 27, 2018 |
| Deadline For Filing Of Non-Dispositive Motions: | December 18, 2018 |
| Deadline For Filing Of Dispositive Motions: | January 15, 2018 |
| Pretrial Disclosures: | February 7, 2018 |
| Pretrial Conference: | March 5, 2018 |
| Trial-Ready Date: | March 26, 2018 |

20. <u>Trial</u>

Plaintiff requests a trial by jury. At this time, the parties anticipate that a jury trial in this action would require 5 trial days.

21. <u>Additional Parties</u>

The parties do not anticipate the appearance of any additional parties.

22. <u>Disclosure of Parent Corporation</u>

First Texas filed its Disclosure Statements Pursuant to Federal Rule of Civil Procedure 7.1(a) on August 30, 2016.

Defendants filed their Disclosure Statements pursuant to Federal Rule of Civil Procedure 7.1(a) on November 8, 2016.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

| | | |
|---|---|---|
| 1 | Dated**:** February 13, 2017 | **FAEGRE BAKER DANIELS LLP** |
| 2 | | |
| 3 | | By: */s/ Howard D. Ruddell*<br>HOWARD D. RUDDELL |
| 4 | | *Attorneys for Plaintiffs*<br>FIRST TEXAS PRODUCTS LLC |
| 5 | | FIRST TEXAS HOLDINGS CORP. |
| 7 | Dated**:** February 13, 2017 | **JEFFER MANGELS BUTLER & MITCHELL LLP** |
| 9 | | By: */s/Nathaniel Dang*<br>NATHANIEL DANG |
| 11 | | *Attorneys for Defendants*<br>DETEKNIX INC.<br>MAO QUAN DENG |

## ATTESTATION

I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: February 13, 2017                    */s/ Howard D. Ruddell*